Núm. 7750.—Vázquez Prada, aplte. *v.* Santos, et als., apldos.—C. D. San Juan.

Junio 24, 1938.

(Por la Corte, a propuesta del Juez Asociado Sr. Hutchison.)

Por cuanto, el demandado apelado ha solicitado se elimine de la transcripción de autos un documento titulado "Declaración Jurada de Leopoldo J. E. Vázquez Prada y López" en la cual el declarante relata la declaración de un testigo llamado Guillermo Orrache, prestada en el caso civil Núm. 10,187, seguido en la Corte de Distrito de San Juan.

Por cuanto, dicha declaración jurada fué radicada en la secretaría de la corte de distrito en abril 4, 1938, mientras que la exposición del caso en el presente recurso fué aprobada por el juez de distrito en marzo 26, 1934, no pudiendo por tanto formar parte de tal exposición la referida declaración jurada; sin que conste tampoco en ninguna parte de la exposición, referencia alguna a la declaración prestada por Guillermo Orrache en el pleito Núm. 10,187.

Por cuanto, el demandado apelado ha solicitado también la eliminación de los siguientes documentos comprendidos en la transcripción de autos:

"Página 69: Petición sobre declaratoria de herederos en caso civil Núm. 5422;

"Página 70: Orden caso civil Núm. 5422, sobre declaratoria de herederos;

"Página 72: Escritura de venta judicial de finca urbana Núm. 19, otorgada por Pedro del Manzano y Dávila ante el notario José C. Martínez Santana el primero de marzo 1917;

"Página 78: Demanda enmendada, caso civil Núm. 1052 de la Corte de Distrito de San Juan, Jaime José, Luz, Estela Catalina, etc. Vázquez, demandante *v.* Cipriano Santos y Lanchas, etc., demandado;

"Página 82: Excepción Previa, caso civil Núm. 1052, supra.

"Página 84: Excepciones Previas, caso civil Núm. 1052, supra.

"Página 86: Relación del caso y opinión, civil Núm. 1052, supra.

"Página 87: Sentencia, civil Núm. 1052, supra.

"Página 88: Demanda enmendada, caso civil Núm. 7942 de la Corte de Distrito de San Juan, sobre incumplimiento de contrato, Sucn. del Dr. Arturo Vázquez Prada, demandante *v.* Cipriano Santos y Lanchas, etc., demandados;

"Página 94: Contestación a la demanda enmendada, civil Núm. 7942, supra.

"Página 98: Demanda en el caso civil Núm. 10,187 de la Corte de Distrito de San Juan, L. J. E. Vázquez Prada, demandante *v.* Cipriano Santos y Lanchas, sobre nulidad de procedimiento ejecutivo, etc.;

"Página 105: Contestación a la demanda en el caso civil Núm. 10,187, supra;

"Página 111: Relación del caso y opinión en el caso civil Núm. 10,187, supra;

"Página 115: Moción pidiendo la nulidad del procedimiento en el caso Núm. 9232, seguido en la Corte de Distrito de San Juan por Cipriano Santos y

Lanchas, demandante *v.* Lucía Laborde, etc., demandados, sobre cobro de crédito hipotecario;

"Página 119: Escritura Núm. 35 de Contrato de Arrendamiento, otorgada ante José Ortiz Alibrán, con fecha 22 de julio 1922 por Cipriano Santos y Lanchas y Carlos García de Quevedo;

"Página 124: Petición en el caso civil Núm. 5422, seguido en la Corte de Distrito de San Juan, *Ex-parte* María Nestora del Pilar Martín Moro, sobre declaratoria de herederos;

"Página 126: Orden en el caso civil Núm. 5422, supra."

POR CUANTO, la única mención del pleito Núm. 5422, sobre declaratoria de herederos que se encuentra en la exposición del caso, consta como el fundamento sexto de la oposición del demandante a la presentación como prueba por el demandado del récord completo en el caso Núm. 1052, seguido por Jaime José, Luz, Estela, Marina, Leopoldo, Arturo y Luisa Vázquez contra Cipriano Santos y Lanchas y otros sobre nulidad, etc., de la manera siguiente:

"6. Que según aparece de los autos del caso civil Núm. 5422, sobre declaratoria de herederos de Gabriel Martín Sánchez, seguido en la Corte de Distrito del Distrito Judicial de San Juan, P. R., por María Nestora del Pilar Martín Moro, aparece que Gabriel Martín Sánchez, falleció intestado en Serravilla del Arroyo, Provincia de Salamanca, España, el día 20 de junio de 1924; y la demanda contra dicho Sr. Gabriel Martín Sánchez fué radicada el día 8 de marzo de 1926, o sean 21 meses después del fallecimiento de dicho Sr. Gabriel Martín Sánchez y por consiguiente es completamente nula la sentencia y nula la confirmación de dicha sentencia en la Hon. Corte Suprema de P. R., y nula y sin ningún valor."

POR CUANTO, semejante referencia no identifica los autos en el pleito Núm. 5422, sobre declaratoria de herederos, Ex-parte María Nestora del Pilar Martín Moro seguido en la Corte de Distrito de San Juan, como parte de la prueba ofrecida y admitida en el presente caso, ni de modo alguno puede interpretarse como una autorización por parte del juzgador para que se incluyera en el legajo de la sentencia como parte de la exposición del caso.

POR CUANTO, la moción pidiendo la nulidad del procedimiento en el caso Núm. 9232, seguido en la Corte de Distrito de San Juan por Cipriano Santos y Lanchas, demandante v. Lucía Laborde, etc., demandados, sobre cobro de crédito hipotecario, ha sido expresamente incluída y copiada al pie de la letra en la exposición del caso, resultando por tanto innecesario e improcedente su inclusión en la transcripción de los autos.

POR CUANTO, en la exposición del caso han sido suficientemente identificados como prueba ofrecida y admitida durante el curso del juicio: la escritura de venta judicial de finca urbana Núm. 19, otorgada

por Pedro del Manzano y Dávila, ante el notario José C. Martínez Santana el primero de marzo de 1917; la escritura Núm. 35 de contrato de arrendamiento, otorgada ante José Ortiz Alibrán con fecha 22 de julio 1922 por Cipriano Santos y Lanchas y Carlos García de Quevedo; los récords completos en los casos números 1052, 7942 y 10,187.

Por cuanto, dada la naturaleza de los autos en los pleitos mencionados en el párrafo anterior, carece de importancia la circunstancia de que ninguno de dichos autos se encuentren unidos a los del presente caso en la corte inferior, o en todo caso, tal irregularidad por sí sola, no constituye motivo suficiente para eliminar del legajo de la sentencia copias certificadas de tales autos, o de partes de éstos expedidas por el secretario de dicha corte.

Por cuanto, si bien hubiera sido la mejor práctica incluir en la exposición del caso alguna disposición expresa ordenando o autorizando al secretario que incluyera en el legajo de la sentencia como parte de la exposición del caso, copias de las escrituras públicas y los autos ya identificados como parte de tal exposición, o las partes esenciales especificadas como tales de estos últimos, sin embargo, atendidas las circunstancias especiales del caso, inclusive la de que el apelante no es abogado y ha comparecido por sí mismo desde el principio de este litigio, la mera omisión de tal formalidad técnica (aunque es justo decir que el promovente no se queja específicamente de dicha omisión) no constituye tampoco motivo suficiente para la eliminación de las copias identificadas de tales escrituras y partes de tales autos expedidas por el secretario e incluídas por él en el legajo de la sentencia.

Por tanto, se declara con lugar la moción sobre eliminación arriba mencionada, en cuanto atañe (a) a la declaración jurada de Leopoldo J. E. Vázquez Prada y López, (b) a la petición sobre declaratoria de herederos y orden en el pleito Núm. 5422, y (c) a la moción pidiendo la nulidad del procedimiento en el caso Núm. 9232; se ordena la eliminación de las copias certificadas de dichos documentos de la transcripción de autos, y se declara sin lugar dicha moción en todos sus demás extremos.

Los Jueces Asociados Sres. Travieso y De Jesús no intervinieron.